IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ALBERT STARKS, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:11-cv-02474-egb<br>)<br>) |
| DYER COUNTY, TENNESSEE, *et al.*, | )<br>)<br>) |
| Defendants. | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Lawson's Motion for Sanctions Pursuant to Rule 11 [D.E. 41]. This Motion has been referred to the Magistrate Judge [D.E. 47].

### Background

This lawsuit was brought by the Plaintiffs, Clarence Williams, Anna (Barbee) Edwards, Edward Starks and Mary Williams, against the Defendants, Dyer County, Tennessee; Steve Walker, individually and in his official capacity as Clerk and Master of the Dyer County Chancery Court; Ralph Lawson; Charles Agee, Jr. and other unnamed and unknown individuals, on June 10, 2011, alleging violation of their constitutional rights pursuant to 42 U.S.C. § 1983.1. Plaintiffs also sought damages for negligence and pain and suffering under state law.

The factual background, as well as the bulk of the procedural background, of this case has been set forth in detail in the District Court's Order Granting Motions for Summary Judgment entered September 6, 2012 ("Summary Judgment Order") [D.E. 65]. With regard to the instant Motion, Defendant Lawson complains that the factual allegations contained in

Plaintiffs' Complaint directed against Mr. Lawson were presented without adequate investigation and unsupported by the facts and law, and that the action was filed for an improper purpose.

Defendant Lawson's specific grounds for sanctions are, in summary:

- There was no basis to allege that Mr. Lawson was "an agent," of Dyer County ;
- There was no basis to allege that Mr. Lawson retained Mr. Agee or to suggest in any way that Mr. Lawson was involved in any way that with respect to the wrongful death action;
- Contrary to the suggestion by the Plaintiffs that two of the same Plaintiffs bringing this action were "unaware" of the opening on the estate, and were "unaware" of the existence of the wrongful death action, their signatures also appear on many of the same documents from 1985;
- This action was filed knowingly beyond the statute of limitations
- Plaintiffs failed to avail themselves of the even the basic requirements under Tennessee law of securing the court records from the Clerk & Master of Dyer County prior to filing this action, and the claims that they were "denied" such records were not and are not based upon law or fact;
- Plaintiffs knew when they filed this action that there is no claim stated for relief under Section 1981 and they knew that Mr. Lawson was not, is not, and never has been a state actor under Section 1983 of Title 42.
- Plaintiffs' allegations as to "what happened to the files," are not based upon fact or law
- Plaintiffs have no factual basis to include a provision for "punitive damages," and their claim for "pain and suffering," also is highly dubious under Tennessee law.

As set forth in the Summary Judgment Order, Defendant Lawson is a Dyersburg attorney who opened an estate for Albert Starks, Plaintiffs' uncle, in 1985 and allegedly retained Defendant Agee on behalf of Starks' estate to pursue a wrongful death claim around that same time. In their Complaint, Plaintiffs allege that this was without their knowledge and, upon discovery that an estate had been opened in Starks' name and that a wrongful death action had been filed and settled, Clarence Williams hired Cox & Wortman P.L.L.C., a law firm in Collierville, Tennessee, to investigate and represent the interests of Starks' heirs. (D.E. 1 at 5 ¶ 13.) On or before March 18, 2010, Plaintiffs requested that Defendant Lawson look into the

estate and wrongful death claim, which he did, and in writing Plaintiffs with his findings on March 18 and 30, 2010, Defendant sent Plaintiffs some files. Based on these letters, Plaintiffs allege that Lawson was the last known person to have possession of the files prior to the discovery that they were missing.

Law and Analysis

"Rule 11 generally requires an attorney to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violations of these obligations." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005); *see also Jones v. Illinois Central Railroad Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (stating that Rule 11 authorizes a court to sanction an attorney who presents court filings for an improper purpose or based on frivolous arguments). The rule provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In the Sixth Circuit, the test for the imposition of Rule 11 sanctions is "whether the attorney's conduct was objectively reasonable under the circumstances," and the trial court "has

broad discretion in determining when a sanction is warranted and what sanction is appropriate." *Nieves v. City of Cleveland*, 153 F. App'x 349,352; *see also Huntsman v. Perry Local Schools Bd. of Educ.*, 379 F. App'x 456, 461(6th Cir. 2010) (same).

Here, the Magistrate Judge finds that the attorney's conduct was objectively reasonable under the circumstances and recommends that the District Court deny sanctions.

With regard to the specific allegation in Defendant's Motion that the action was filed knowingly beyond the statute of limitations, in its Order Granting Defendants' Motion for Summary Judgment, the District Court found that the Plaintiffs' claim is timely and rejected Defendants' argument that the action was barred by the doctrine of laches as well.

Plaintiff's attorney argues that he learned that the estate in question had been open for 25 years, that Plaintiffs disavowed (by way of affidavits predating the filing of the instant lawsuit) signing estate and wrongful death claim documents bearing their signatures, that Defendant's own March 2010 letter indicated that he had possession of the files at the heart of this lawsuit, which had not been located at the Chancery Court Clerk's Office. The Magistrate Judge believes that these efforts constitute a reasonable investigation.

In his opposition Plaintiffs' attorney also sets forth his argument regarding how a private party can, in some circumstances, be deemed a state actor. Because Defendant Lawson was maintaining these files rather than the Chancery Court, Plaintiffs' attorney posits, he could be seen as acting as an agent of Dyer County Tennessee. Plaintiffs' attorney further sets forth his legal theory for his clients' Section 1983 claim, including that Defendant Lawson's possible possession of the files could conceivably mean he was acting under color of state law.

The Magistrate Judge finds that Plaintiffs' attorney did not file this lawsuit for any improper purpose. While summary judgment was ultimately granted, in determining whether

Rule 11 sanctions are appropriate " the district court is not to use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir. 1991) (internal citations omitted). Further, the Supreme Court has cautioned that Rule 11 be "read in light of the concerns that it will spawn satellite litigation and chill vigorous advocacy." *Id.* at 92 *see also* Fed.R.Civ.P. 11 (Rule 11 advisory committee's notes) ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."). *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991). While some of Plaintiff's attorney's legal theories are more creative than others, they are not baseless or frivolous. Consequently, the Magistrate Judge respectfully recommends that the District Court deny Defendant Lawson's Motion.

        Respectfully Submitted,

        **s/Edward G. Bryant**
        EDWARD G. BRYANT
        UNITED STATES MAGISTRATE JUDGE

        Date:   **December 13, 2012**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.